12-4632-cv
Coppeta v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand fourteen.

PRESENT:
> **DENNIS JACOBS,**
> **RAYMOND J. LOHIER, JR.,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

Christine L. Coppeta,

> *Plaintiff-Appellant*,

> v.                                                                12-4632-cv

Commissioner of Social Security,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Christine L. Coppeta, *pro se*, Rochester, NY. |
| **FOR DEFENDANT-APPELLEE:** | Sandra M. Grossfeld, Special Assistant U.S. Attorney (Stephen P. Conte, Regional Chief Counsel - Region II Office of the General Counsel Social Security Administration, *on the brief*), *for* William J. Hochul, Jr., United States Attorney for the Western District of New York. |

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Christine L. Coppeta, *pro se*, appeals from the dismissal of her action against the Commissioner of Social Security ("Commissioner") for disability insurance benefits. At her administrative hearing, Coppeta testified that she was unable to work due to back and neck pain, asthma, migraines, carpal tunnel syndrome, stomach problems, and mental health concerns. The administrative law judge ("ALJ") nonetheless found that Coppeta was not disabled under the Social Security Act. The district court concluded that the ALJ's decision was supported by substantial evidence and granted the Commissioner's motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of a suit pursuant to a motion for judgment on the pleadings." *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006). We do not decide anew, however, whether the claimant is disabled, but rather review the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010).

We may therefore "only set aside a determination which is based upon legal error or not supported by substantial evidence." *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  In deciding whether substantial evidence exists, we defer to the Commissioner's resolution of conflicting record evidence.  *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).  If there is substantial evidence in the record to support the Commissioner's findings, those findings are conclusive.  *See* 42 U.S.C. § 405(g); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

We conclude that the ALJ's decision was supported by substantial evidence for the reasons stated by the district court.  To the extent Coppeta argues that her disability began in 2004, or raises arguments concerning her separate November 2006 disability benefits application, we decline to consider arguments raised for the first time on appeal.  *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).

We have considered all of Coppeta's remaining arguments and conclude that they are without merit.  We also deny Coppetta's motion for appointment of counsel, filed after the appeal was fully briefed and submitted, as moot.  The judgment of the district court is hereby affirmed and the motion for counsel is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3